IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CARLYLE HEALTHCARE CENTER, INC, [1]          *
as Authorized Representative of:
                                             *
ALICE HANKS, RALPH LAKE,
MARY LAWLER,                                 *
JANICE PERKINS, JOAN QUICK,                          JUDGE:
GEORGE RAY,                                  *
ALICE WHEELAN
                                             *
              AND,
                                             *
ST. VINCENT'S HOME, INC.,                            CASE NO.
as Authorized Representative of:             *

CONSTANCE BECKER, HAROLD BECKER,             *
ALICE BLUNT, CARLENE CRAWFORD,
RONALD HARDERS, NORMA HARVEY,                *
ANNA MARTIN, MELBA MEIGHAN,
RANDY MEWES, ISABELLE MEYER,                 *
GERALD OSTERMUELLER,
BARBARA OSTERMUELLER,                        *
MARY ELLEN POWERS-PIEPER,
HAZEL TURNBOW                                *

              PLAINTIFFS,
v.
                                             *
FELICIA F. NORWOOD, in her official
capacity as the Director of the Illinois     *
Department of Healthcare and Family
Services,                                    *

              DEFENDANT.                      *

_____

[1] Federal law requires state agencies to permit applicants and beneficiaries to designate an individual or organization to act responsibly on their behalf in assisting with the individual's application and renewal of eligibility and other ongoing communications with the state agency responsible for issuing determinations on Medicaid eligibility. *See* 42 C.F.R. § 435.923.

## COMPLAINT FOR DECLARATORY JUDGMENT
### I. PRELIMINARY STATEMENT

As a condition of receiving federal funds, the State of Illinois is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations, pursuant to 42 U.S.C. § 1396(c). This case concerns the failure of Defendant, Felicia F. Norwood ("Defendant"), the Director of the Illinois Department of Healthcare and Family Services ("HFS") to comply with her obligation to afford Medicaid benefits to residents in long-term care facilities in compliance with the federal rules and regulations of the United States. The Defendant is directly responsible for policies necessary for the implementation of a system for determination of payment for Medicaid that complies, in all aspects, with federal law. The failures by the Defendant to grant Medicaid benefits to residents of skilled nursing facilities constitute violations of the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a)(37)(a)

### II. JURISDICTION AND VENUE

This action arises under the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 CFR § 438.10, and 42 USC § 1396(a), Section 1902(a)(37)(a). Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343(k) and 28 U.S.C. §§2201 and 2202. This is a suit authorized and instituted pursuant to the Federal Medicaid Act and implementing regulations. Additionally, the jurisdiction of this court is invoked to secure protection to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983 and other state tort claims. Venue lies in this forum pursuant to 28 U.S.C. § 1391(e).

### III.    PARTIES

1.     Carlyle Healthcare Center, Inc. ("Carlyle") is headquartered in Carlyle, Illinois.  Carlyle owns and operates a twenty-four hour skilled nursing home facility located in the State of Illinois.

2.     Alice Hanks was admitted to Carlyle's skilled nursing facility on February 26, 2016 ("Hanks" or "Plaintiff").  Hanks was a Medicaid beneficiary upon her admittance to Carlyle.  Hanks submitted HFS Form 3654 on February 26, 2016.  Hanks suffers from Alzheimer's disease, among other severe medical conditions. She requires twenty-four hour skilled nursing care at Carlyle. Hank's outstanding balance at Carlyle as of September 30, 2016 is approximately Twenty-One Thousand Three Hundred Sixteen Dollars and Fifty-Two Cents  ($21,316.52).

3.     Ralph Lake was admitted to Carlyle's skilled nursing facility on August 2, 2016 ("Lake" or "Plaintiff").  Lake submitted his Medicaid application on or about August 3, 2016.  Lake suffers from atherosclerotic heart disease and basal cell carcinoma, among other severe medical conditions. He requires twenty-four hour skilled nursing care at Carlyle. Lake's outstanding balance at Carlyle as of September 30, 2016 is approximately Eleven Thousand Three Hundred Twenty-Nine Dollars and Fifty Cents ($11,329.50).

4.     Mary Lawler was admitted to Carlyle's skilled nursing facility on October 10, 2007 ("Lawler" or "Plaintiff").  Lawler submitted her Medicaid application on or about August 19, 2016. Lawler suffers from type 2 diabetes and Alzheimer's disease, among several other medical conditions. She requires twenty-four hour skilled nursing care at Carlyle. Lawler's outstanding balance at Carlyle as of September 30, 2016 is approximately Five Thousand Seven Hundred Eighty-Five Dollars and Fifty Cents ($5,785.50).

5.     Janice Perkins was admitted to Carlyle's skilled nursing facility on June 29, 2016 ("Perkins" or "Plaintiff").  Perkins submitted her Medicaid application on or about June 6, 2016.

Perkins suffers from acute kidney failure and gastro-esophageal reflux, among other severe medical conditions. She requires twenty-four hour skilled nursing care at Carlyle. Perkins' outstanding balance at Carlyle as of September 30, 2016 is approximately Five Thousand Seven Hundred Nineteen Dollars and Fifty Cents ($5,719.50).

6.      Joan Quick was admitted to Carlyle's skilled nursing facility on October 10, 2015 ("Quick" or "Plaintiff").  Quick was a Medicaid beneficiary upon her admittance to Carlyle's. Quick suffers from chronic obstructive pulmonary disease and type 2 diabetes, among other severe medical conditions. She requires twenty-four hour skilled nursing care at Carlyle. Quick's outstanding balance at Carlyle as of September 30, 2016 is approximately Twenty-Seven Thousand Three Hundred Sixty-Two Dollars and Thirteen Cents ($27,362.13).

7.      George Ray was admitted to Carlyle's skilled nursing facility on February 26, 2015 ("Ray" or "Plaintiff").  Ray was a Medicaid beneficiary upon his admittance to Carlyle's. Ray suffers from chronic obstructive pulmonary disease and dementia, among other severe medical conditions. He requires twenty-four hour skilled nursing care at Carlyle. Ray's outstanding balance at Carlyle as of September 30, 2016 is approximately Thirty-Three Thousand Five Hundred Eighty-Three Dollars and Thirty-Five Cents ($33,583.35).

8.      Alice Wheelan was admitted to Carlyle's skilled nursing facility on February 26, 2016 ("Wheelan" or "Plaintiff").  Wheelan submitted her Medicaid application on or about April, 2016. Wheelan suffers from chronic kidney disease and dementia, among other severe medical conditions. She requires twenty-four hour skilled nursing care at Carlyle. Wheelan's outstanding balance at Carlyle as of September 30, 2016 is approximately Thirty-Three Thousand Five Hundred Three Dollars and Forty-Four Cents ($33,503.44).

9.      St. Vincent's Home, Inc. ("St. Vincent's") is headquartered in Quincy, Illinois.  St. Vincent's owns and operates a twenty-four hour skilled nursing home facility located in the State of Illinois.

10.      Constance Becker was admitted to St. Vincent's skilled nursing facility on March 11, 2016 ("C. Becker" or "Plaintiff").  C. Becker submitted her Medicaid application on or about July 29, 2016.  C. Becker suffers from respiratory tuberculosis, among other severe medical conditions. She requires twenty-four hour skilled nursing care at St. Vincent's. C. Becker's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Thirty-Four Thousand Eight Hundred Seventy-Four Dollars and Eighty-Nine Cents ($34,874.89).

11.      Harold Becker was admitted to St. Vincent's skilled nursing facility on March 11, 2016 ("H. Becker" or "Plaintiff").  H. Becker submitted his Medicaid application on or about December 22, 2015. H. Becker suffers from malignant neoplasm of bone and cerebral infarction, among other severe medical conditions. He requires twenty-four hour skilled nursing care at St. Vincent's. H. Becker's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Thirty-Three Thousand Nine Hundred Ninety-One Dollars and Seventy-Two Cents ($33,991.72).

12.      Alice Blunt was admitted to St. Vincent's skilled nursing facility on January 20, 2016 ("Blunt" or "Plaintiff").  Blunt submitted her Medicaid application some date prior to August 26, 2016. Blunt submitted HFS Form 3654 on or about August 26, 2016. Blunt suffers from chronic obstructive pulmonary disease, among other severe medical conditions. She requires twenty-four hour skilled nursing care at St. Vincent's. Blunt's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Ten Thousand Thirteen Dollars and Fifty-Two Cents ($10,013.52).

13.      Carlene Crawford was admitted to St. Vincent's skilled nursing facility on January 22, 2016 ("Crawford" or "Plaintiff").  Crawford submitted her Medicaid application some date prior to June

29, 2016. Crawford submitted HFS Form 3654 on or about June 29, 2016. Crawford suffers from chronic diastolic heart failure and dementia, among other severe medical conditions. She requires twenty-four hour skilled nursing care at St. Vincent's. Crawford's outstanding balance at Carlyle as of September 30, 2016 is approximately Seven Thousand Sixty-Eight Dollars ($7,068.00).

14.     Ronald Harders was admitted to St. Vincent's skilled nursing facility on November 2, 2015 ("Harders" or "Plaintiff").  Harders was a Medicaid beneficiary upon his admittance to St. Vincent's.  Harders submitted HFS Form 3654 on or about November 16, 2015. Harders suffers from chronic kidney disease, among other severe medical conditions. He requires twenty-four hour skilled nursing care at St. Vincent's. Harders's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Forty-Three Thousand Seven Hundred Six Dollars and Thirty-Five Cents ($43,706.35).

15.     Norma Harvey was admitted to St. Vincent's skilled nursing facility on March 1, 2013 ("Harvey" or "Plaintiff").  Harvey submitted her Medicaid application in or around February, 2016. Harvey suffers from Parkinson's disease and atherosclerotic heart disease, among other severe medical conditions. She requires twenty-four-hour skilled nursing care at St. Vincent's. Harvey's outstanding as of August 31, 2016 at St. Vincent's is Thirty-Three Thousand Eight Hundred Forty-Three Dollars and Forty-Six Cents. ($33,843.46).

16.     Anna Martin was admitted to St. Vincent's skilled nursing facility on July 14, 2016 ("Martin" or "Plaintiff").  Martin was a Medicaid beneficiary upon her admittance to St. Vincent's. Martin submitted HFS Form 3654 on or about July 15, 2016.  Martin suffers from type 2 diabetes, among other severe medical conditions. She requires twenty-four-hour skilled nursing care at St. Vincent's. Martin's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Two Thousand Three Hundred Twenty-Four Dollars and Eighty-Six Cents ($2,324.86).

6

17.     Melba Meighan was admitted to St. Vincent's skilled nursing facility on March 12, 2014 ("Meighan" or "Plaintiff").  Meighan submitted her Medicaid application on or about July 8, 2016. Meighan suffers from dementia, among other severe medical conditions. She requires twenty-four-hour skilled nursing care at St. Vincent's. Meighan's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Ninety-Nine Thousand Nine Hundred Sixty-Five Dollars and Ninety-Two Cents ($99,965.92).

18.     Randy Mewes was admitted to St. Vincent's skilled nursing facility on February 2, 2015 ("Mewes" or "Plaintiff").  Mewes submitted his Medicaid application on or about September 22, 2015. Mewes suffers from chronic obstructive pulmonary disease and chronic respiratory failure, among other severe medical conditions. He requires twenty-four-hour skilled nursing care at St. Vincent's. Mewes's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Thirty-One Thousand Six Hundred Eighty-One Dollars and Fifty Cents ($31,681.50).

19.     Isabelle Meyer was admitted to St. Vincent's skilled nursing facility on November 21, 2013 ("Meyer" or "Plaintiff").  Meyer submitted her Medicaid application on or about June 9, 2016. Meyer suffers from candidiasis, loss of hearing, and osteoarthritis, among other severe medical conditions. She requires twenty-four-hour skilled nursing care at St. Vincent's. Meyer's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Sixty-Five Thousand Five Hundred Forty-Seven Dollars and Fifty-Nine Cents ($65,547.59).

20.     Gerald Ostermueller was admitted to St. Vincent's skilled nursing facility on April 21, 2016 ("G. Ostermueller" or "Plaintiff").  G. Ostermueller submitted his Medicaid application on or about May 17, 2016, and on or about August 15. 2016.  G. Ostermueller suffers from chronic kidney disease and chronic obstructive pulmonary disease, among other severe medical conditions. He requires twenty-four-hour skilled nursing care at St. Vincent's. G. Ostermueller's outstanding balance at St.

Vincent's as of September 30, 2016 is approximately Ten Thousand Seven Hundred Fifty-Three Dollars ($10,753.00).

21.     Barbara Ostermueller was admitted to St. Vincent's skilled nursing facility on March 25, 2016 ("B. Ostermueller" or "Plaintiff"). B. Ostermueller submitted her Medicaid application on or about March 25, 2016. B. Ostermueller suffers from type 2 diabetes and Alzheimer's disease, among other severe medical conditions. She requires twenty-four-hour skilled nursing care at St. Vincent's. B. Ostermueller's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Twenty-Four Thousand Eight Hundred Fifty-One Dollars ($24,851.00).

22.     Mary Ellen Powers-Pieper was admitted to St. Vincent's skilled nursing facility on January 22, 2016 ("Powers-Pieper" or "Plaintiff"). Powers-Pieper submitted HFS Form 3654 on May 4, 2016. Powers-Pieper suffers from schizophrenia and other severe medical conditions. She requires twenty-four hour skilled nursing care at St. Vincent's. Powers-Pieper's outstanding balance at St. Vincent's as of September 30, 2016 is approximately Eighteen Thousand Ninety-Nine Dollars and Nineteen Cents ($18,099.19).

23.     Hazel Turnbow was admitted to St. Vincent's skilled nursing facility on August 19, 2016 ("Turnbow" or "Plaintiff"). Turnbow was a Medicaid beneficiary upon admission into St. Vincent's. Turnbow submitted HFS Form 3654 on August 19, 2016. Turnbow suffers from severe medical conditions. She requires twenty-four-hour skilled nursing care at St. Vincent's. Turnbow's outstanding balance at St. Vincent's as of September 30, 2016 is approximately One Thousand Four Hundred Thirty-Nine Dollars and Fifty-Two Cents ($1,439.52).

24.     The Illinois Department of Healthcare and Family Services ("HFS" or "Defendant") is an Illinois state agency that provides Medicaid services to enrollees in Illinois. HFS is the sole state agency administering Medicaid in the State of Illinois.

25.     The Felicia F. Norwood, is the Director of HFS ("Norwood" or "Defendant"), and at all times material to this Complaint acted under color of state law in administering the regulations, customs, policies, and practices material herein.  She is sued in her official capacity only.

## IV. STATEMENT OF FACTS

26.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

27.     As a condition of receiving federal funds, HFS is required to administer the Medicaid program in the state of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. § 1396a (a) (8), and implementing regulations.

28.     Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days.  *See* 42 C.F.R . §435.912.

29.     Pursuant to 42 CFR §431.220, applicant has a right to file an appeal ("Inaction Appeal") when the state Medicaid agency [Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

**42 CFR §431.220   When a hearing is required.**

(a) The State agency must grant an opportunity for a hearing to the following:

(1) Any applicant who requests it because his claim for services is denied or is not acted upon with reasonable promptness.

(2) Any beneficiary who requests it because he or she believes the agency has taken an action erroneously.

(3) Any resident who requests it because he or she believes a skilled nursing facility or nursing facility has erroneously determined that he or she must be transferred or discharged.

9

(4) Any individual who requests it because he or she believes the State has made an erroneous determination with regard to the preadmission and annual resident review requirements of section 1919(e)(7) of the Act.

(5) Any MCO, PIHP, or PAHP enrollee who is entitled to a hearing under subpart F of part 438 of this chapter.

(6) Any enrollee in a non-emergency medical transportation PAHP (as that term is defined in §438.9 of this chapter) who has an action as stated in this subpart.

(7) Any enrollee who is entitled to a hearing under subpart B of part 438 of this chapter.

30.     In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles,* 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally, the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C. § 1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program.  Additionally, in *Brown v. Luna*, 735 F.Supp. 762 (M.D. Tenn., 1990) the Court held that "[a]ll applications pending more than 90 days without an eligibility decision [were to] be awarded interim Medicaid benefits unless [the Agency had] documented that the application has been delayed for good cause."

31.     In 2008, Congress passed legislation requiring all states to implement electronic asset verification programs ("AVP") to obtain information regarding the financial resources of Medicaid applicants, including those seeking Medicaid coverage for long-term care.  42 U.S.C.

§1396w.  This requirement has been codified in the federal Medicaid regulations.  42 CFR §435.945(j).

32.    Federal law imposes on Medicaid agencies an affirmative duty to obtain information regarding a Medicaid applicant's eligibility.  This duty exists independent of the actions of the Medicaid applicant and is consequently not dependent on the extent of an applicant's efforts to obtain eligibility information, or on an applicant's request for assistance. 42 CFR § 435.952.  Furthermore, Medicaid agencies are not permitted to ask applicants to produce information unless that information is unavailable electronically.  42 C.F.R. § 435.952(c).

33.    The Defendant did not seek to obtain any of the Plaintiffs' information electronically via AVP.  Nor did the Defendant try to obtain Plaintiffs' information from secondary sources.  Instead, the Defendant placed the burden of providing information entirely on the Plaintiffs.  These actions violate federal law, which requires agencies to obtain and use items of information relating to Medicaid applicants and beneficiaries to "prevent ineligibility and incorrect payments."  42 CFR 435.953(a).  No steps are taken by the Defendant to prevent the ineligibility of the Plaintiffs.

34.    In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Carlyle and St. Vincent's during their period of Medicaid ineligibility in the amounts stated above.

35.    Such inaction by the Defendant places the Plaintiffs at risk of being discharged from Carlyle and St. Vincent's, and jeopardizes their health safety, and well-being.

36.    Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

37.     As a direct result of the Defendant's failure to timely process their Medicaid applications, the Plaintiffs have failed to receive public assistance to which they are entitled pursuant to federal law.

38.     The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

39.     All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.*

40.     The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the Residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 e*t seq.*

41.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

## V. CAUSES OF ACTION
## COUNT ONE  - DECLARATORY JUDGMENT RELIEF

42.     Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

43.     Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek a declaration by this Court.

44.     It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1) considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha, supra* note 2, at 116, *citing* . *Wilton v. Seven Falls Company, 515 U.S. 288 (1995); Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *Public Service Commission of Utah v. Wycoff Company,* 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

45.     The Illinois State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

46.     As a condition of receiving federal funds, HFS is required to administer the Medicaid program in the state of Illinois in compliance with the Federal Medicaid Act, 42 U.S.C. § 1396a (a) (8), and implementing regulations.

47.     Federal law requires that the Defendant make an eligibility determination on a Medicaid application within forty-five days.  *See* 42 C.F.R . §435.912.  Pursuant to 42 CFR §431.220, applicant has a right to file an Inaction Appeal when the state Medicaid agency

[Defendant] has failed to timely process an individual's Medicaid application or request and obtain interim benefits for automatic approval.

48.     In *Doe 1-13 by and Through Doe Sr. 1-13 v. Chiles*, 136 F.3d 709 (1998) the court found that an action brought by disabled individuals will prevail when the action is brought against state officials, who failed to provide Medicaid services with reasonable promptness. Additionally, the *Doe* court found that failing to furnish Medicaid assistance with reasonable promptness to disabled individuals should not exceed 90 days. The action was brought pursuant to 42 U.S.C. §1983 against officials, alleging unreasonable delays in providing certain services under the state Medicare program.

49.     In light of the Defendant's failure to comply with federal and state Medicaid laws, the Plaintiffs have been unable to pay for their room, board, care and services at Carlyle and at St. Vincent's during their period of Medicaid ineligibility in the amounts stated above.

50.     Such inaction places the Plaintiffs at risk of being discharged from Carlyle and St. Vincent's, and jeopardizes their health safety, and well-being.

51.     Federal law requires the Defendant to issue a determination on an individual's Medicaid application, and requires that every applicant be timely afforded such notice and a right to appeal such decision.

52.     As a direct result of the Defendant's failure to timely process their Medicaid applications, the Plaintiffs have failed to receive public assistance to which they are entitled pursuant to federal law.

53.     The Defendant has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42

U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

54.     By failing to pay for services rendered to Medicaid approved patients, the Defendant has failed to comply with federal law, as preempted by the Supremacy Clause of the United States Constitution, Article VI. The burden placed on the Defendant, should the Court grant the relief requested in this action, is that Defendant will be required to comply with federal Medicaid laws and pay for medical services already rendered to Plaintiffs. The Defendant stand to suffer diminutive, if any, burden by the timely rendering of payment of Plaintiffs' Medicaid claims to the skilled nursing facilities in which they reside.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.     Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order requiring the Defendant automatically approving the Plaintiffs' Medicaid benefits; and

c.     To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT TWO – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

55.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

56.     The Defendant Norwood has failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through

(5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

57.     All of the Plaintiffs are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.*

58.     The Defendant's failure to afford the Plaintiffs public benefits and services, to which they are entitled under federal law, and failure to grant the residents Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 *et seq.*

59.     As a consequence of' Defendant's actions as described herein, Plaintiffs have suffered damages, including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

   a.   Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

   b.   Issue an Order requiring the Defendant automatically approving the Plaintiffs' Medicaid benefits; and

   c.   To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT THREE – VIOLATION OF DUE PROCESS
## AND EQUAL PROTECTION (42 U.S.C. §1983)

60.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein

61.     Equal protection doctrine ensures that all similarly situated persons are treated similarly under the law. If a statute classifies people, the classification must be based on criteria

related to the statute's objective. *Disabled Am. Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 141 (2d Cir. 1992).

62.     The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

63.     The Defendant acted wilfully, knowingly, and purposefully with the specific intent to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

64.     As a consequence of' the Defendant's actions as described herein, the Plaintiffs have suffered damages including compensatory, mental anguish and other damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.     Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.     Issue an Order requiring the Defendant automatically approving the Plaintiffs' Medicaid benefits; and

c.     To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

## COUNT FOUR – TEMPORARY AND PERMANENT INJUNCTION

65.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

66.     The above acts were committed under color of state law by the Defendant. Said acts were committed by the Defendant by and through representatives of the Defendant acting in their official capacities pursuant to the statutes, ordinances, laws and policies of the Defendant.

67.     The Plaintiffs demand temporary and permanent injunctive relief requiring that the Defendant make an eligibility determination on their Medicaid applications within forty-five days and to permit the Plaintiffs right to file an Inaction Appeal due to the Defendant's failure to timely process their Medicaid applications or request interim benefits.

68.     Issue an Order requiring the Defendant to automatically approve the Plaintiffs' Medicaid benefits.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court order the following equitable and declaratory relief:

a.      Assume jurisdiction over this action and maintain continuing jurisdiction until are in full compliance with every Order of this Court;

b.      Issue an Order requiring the Defendant automatically approving the Plaintiffs' Medicaid benefits; and

c.      To take other such actions as are proper and necessary to remedy the Defendant's violations and order such equitable relief as will make Plaintiffs whole for Defendant's unlawful conduct.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Respectfully submitted this the 19 day of October, 2016.

/s/ Katie Z. Van Lake
ARDC# 6292120
SB2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@s-b-b.com
*Attorney for Plaintiffs*


/s/ Kimberly Dodson__
Kimberly R. Dodson
SB2, Inc.
1426 N. 3rd Street, Suite 200
P.O. Box 5400
Harrisburg, PA 17110
(214) 789-4787
(717) 909-5925
kdodson@s-b-b.com
*Awaiting Pro Hac Vice Admission*